IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

FILED
SEP 20 2010
CLERK, U.S. DISTRICT COURT
ALEXANDRIA, VIRGINIA

Ophelia De'Lonta, )
    Plaintiff, )
)
v. ) 1:10cv838 (TSE/JFA)
)
R. Fulmore, et al., )
    Defendants. )

## MEMORANDUM OPINION

Ophelia De'Lonta, a Virginia inmate proceeding pro se, has filed a civil rights action, pursuant to 42 U.S.C. § 1983, alleging violation of her rights under the Eighth Amendment, as well as state law tort claims of assault and battery pursuant to supplemental jurisdiction.[1] Plaintiff has applied to proceed in forma pauperis in this action.[2] After reviewing plaintiff's complaint, the § 1983 claim against the defendants must be dismissed pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim,[3] and the Court accordingly declines to exercise supplemental jurisdiction over

---

[1] Although the pro se complaint includes other references, plaintiff's claims in substance are limited to a federal claim of cruel and unusual punishment in violation of the Eighth Amendment, and a state law claim of assault and battery.

[2] Plaintiff has filed several other § 1983 cases, both in the District Court for the Western District of Virginia, see De'Lonta v. Angelone, 330 F.3d 630 (4th Cir. 2003), and here in the Eastern District. In at least one case before this Court, De'Lonta has been represented by counsel. See De'Lonta v. Pearson, et al., Case No. 1:07cv245 (TSE/TCB).

[3] Section 1915A provides:

> (a) **Screening.**—The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
>
> (b) **Grounds for dismissal.**—On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint—

plaintiff's state tort claims.

## I. Facts [4]

Plaintiff states that she is a pre-operative transsexual who has received hormone therapy for Gender Identity Disorder.[5] The treatment has resulted in physical changes to plaintiff's body, including enlargement of her breasts. Since 2008, Officer Fulmore has been in charge of issuing plaintiff's personal property, including undergarments and cosmetics. According to plaintiff, Officer Fulmore frequently expresses her personal dissatisfaction at the type of undergarments plaintiff is allowed to possess. On numerous occasions, plaintiff has complained to her treatment team about Officer Fulmore's harassment and refusal to process plaintiff's property orders.

On September 4, 2009, Officer Fulmore wrote a disciplinary report against plaintiff for possession of contraband allegedly because Fulmore was angry at plaintiff. Pltf. Ex. B.

On March 10, 2010, plaintiff was sitting in her history class when another inmate told her that Officer Fulmore wanted to see plaintiff. Plaintiff stated that she would not leave the class. Shortly thereafter, a trainee officer approached plaintiff and said that Officer Fulmore wanted to see her. Again, plaintiff refused. Minutes later, Officer Fulmore came into the room and demanded that

---

(1) is frivolous, malicious, or fails to state a claim upon which relief can be granted; or
(2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A(b)(1).

[4]The facts reflected here were derived from the allegations of plaintiff's complaint, which must be presumed true at this stage of the litigation.

[5]Gender identity disorder, also known as gender dysphoria or transsexualism, is characterized by a feeling of being trapped in a body of the wrong gender. De'Lonta, 330 F.3d at 632. Thus, although anatomically male, plaintiff identifies as a woman, and female pronouns are used in this Opinion to refer to her. See Meriwether v. Faulkner, 821 F.2d 408, 410 n. 1 (7th Cir.), cert. denied, 484 U.S. 935 (1987) (using female pronouns to refer to transsexual plaintiff).

plaintiff leave with her. As the complaint reflects, when plaintiff declined, Officer Fulmore asked, "Do I need to get a supervisor?," and plaintiff responded, "Yes, I would prefer it." A short time later, Officer Fulmore returned with plaintiff's counselor, and plaintiff complied with the counselor's request that plaintiff step into the hallway. When the counselor took plaintiff and Officer Fulmore into his office to talk, Fulmore began "ranting" and asking plaintiff in a threatening tone why plaintiff said she had not received her bras. Plaintiff denied making any such statement, and after a few more exchanges was permitted to return to her cell.

A few hours later, Officer Fulmore appeared in front of plaintiff's locked cell, began to scream at plaintiff, and ordered plaintiff to back up even though plaintiff was at the rear of the cell. Officer Fulmore ordered the control booth officer to open plaintiff's cell door and then entered plaintiff's cell, pointed her index finger at the end of plaintiff's nose and, as the complaint reflects, stated loudly, "I will whip your ass! Nobody fucks with my man!" Plaintiff responded, "You're tripping," but then decided to say no more, fearing that if she provoked Officer Fulmore further, Fulmore might strike her. Officer Fulmore then turned and hurriedly left plaintiff's cell. Plaintiff immediately reported the incident to her counselor, who in turn notified an assistant warden, and when it was verified that Officer Fulmore had been inside plaintiff's cell, it was ordered that Officer Fulmore not be allowed to enter the facility the following day until an internal investigation could be conducted.

Plaintiff submitted an informal complaint regarding the foregoing incident. The response stated, "The officer has denied she threatened you. You have transferred away from the officer to another facility." Plaintiff's subsequent attempt to grieve the incident was rejected as untimely filed.

In this action pursuant to § 1983, plaintiff alleges that her rights under the Eighth Amendment were violated by Officer Fulmore's actions. Plaintiff also names as defendants Major

3

Scott, her institution's chief of security, as well as its warden, Eddie Pearson, both of whom allegedly displayed deliberate indifference to the danger posed to plaintiff by Officer Fulmore. Plaintiff also asserts that Officer Fulmore is liable to her for the torts of assault and battery. As relief, plaintiff seeks compensatory and punitive damages, as well as a declaration that her rights were violated.

## II. Standard of Review

In reviewing a complaint pursuant to § 1915A, a court must dismiss a prisoner complaint that is frivolous, malicious, or fails to state a claim upon which relief can be granted. 28 U.S.C. § 1915A(b)(1). Whether a complaint states a claim upon which relief can be granted is determined by "the familiar standard for a motion to dismiss under Fed. R. Civ. P. 12(b)(6)." Sumner v. Tucker, 9 F. Supp. 2d 641, 642 (E.D. Va. 1998). Thus, the alleged facts are presumed true, and the complaint should be dismissed only when "it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." Hishon v. King & Spalding, 467 U.S. 69, 73 (1984). To survive a Rule 12(b)(6) motion, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. ----, ----, 129 S. Ct. 1937, 1949 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. However, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to meet this standard, id., and a plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level...". Twombly, 550 U.S. at 555. Moreover, a court "is not bound to accept as true a legal conclusion couched as a factual allegation." Iqbal, 129 S. Ct. at 1949 - 50.

Courts may also consider exhibits attached to the complaint. United States ex rel. Constructors, Inc. v. Gulf Ins. Co., 313 F. Supp. 2d 593, 596 (E.D. Va. 2004) (citing 5A Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 1357, at 299 (2d ed.1990), cited with approval in Anheuser-Busch v. Schmoke, 63 F.3d 1305, 1312 (4th Cir.1995)). Moreover, where a conflict exists between "the bare allegations of the complaint and any attached exhibit, the exhibit prevails." Gulf Ins. Co., 313 F. Supp. 2d at 596 (citing Fayetteville Investors v. Commercial Builders, Inc., 936 F.2d 1462, 1465 (4th Cir.1991)).

### III. Analysis

To state a cause of action under § 1983, a plaintiff must allege facts indicating that he or she was deprived of rights guaranteed by the Constitution or laws of the United States, and that this deprivation resulted from conduct committed by a person acting under color of state law. See West v. Atkins, 487 U.S. 42 (1988). Thus, a named defendant must have had personal knowledge of and involvement in the alleged violations of plaintiff's constitutional rights for the action to proceed against him. The instant complaint fails to state a § 1983 claim against any of the named defendants.

As to the central focus of plaintiff's complaint, the allegedly threatening or intimidating comments made by defendant Officer Fulmore fail to make out a claim of constitutional dimension. Verbal abuse of inmates by prison officials, without more, does not rise to the level of an Eighth Amendment violation. See Collins v. Cundy, 603 F.2d 825, 827 (10th Cir. 1979), cited favorably in, Moody v. Grove, No. 89-6650, 1989 WL 107004, at *1 (4th Cir. Sept. 19, 1989). It is true that a verbal threat combined with action apparently designed to carry out that threat may state an Eighth Amendment claim. See Hudspeth v. Figgins, 584 F.2d 1345, 1348 (4th Cir. 1978). Here, however, plaintiff has not connected the comments or actions of defendant Officer Fulmore with any physical harm. Although plaintiff characterizes Officer Fulmore's comments as threatening and harassing,

there is no suggestion in the complaint that Fulmore took any action designed to carry out any kind of threat. To be sure, plaintiff alleges that she decided to hold her tongue when Officer Fulmore came into plaintiff's cell and began "ranting" because plaintiff feared that further provocation might make Fulmore strike her, but plaintiff attributes her silence to her own discretion rather than to any overt threat of physical harm from Officer Fulmore. Accordingly, plaintiff's claim that Officer Fulmore's verbal abuse violated her rights under the Eighth Amendment must be dismissed pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim.

As to defendants Major Scott and Warden Pearson, plaintiff alleges only that they became aware of the incident with Officer Fulmore after the fact; she does not contend that either participated directly in the incident. Liberally construed, it thus appears that plaintiff includes Major Scott and Warden Pearson as defendants on the theory that they violated plaintiff's constitutional rights because they are responsible for the actions of their subordinates. In certain circumstances, supervisory officials may be held liable for the constitutional injuries inflicted by their subordinates. See Shaw v. Stroud, 13 F.3d 791, 798 (4th Cir. 1994) (citing Slakan v. Porter, 737 F.2d 368 (4th Cir. 1984)). This liability, however, is not premised on respondeat superior, but rather upon "a recognition that supervisory indifference or tacit authorization of subordinates' misconduct may be a causative factor in the constitutional injuries they inflict on those committed to their care." Id. at 798 (quoting Slakan, 737 F.2d at 372-73). "[L]iability ultimately is determined 'by pinpointing the persons in the decision-making chain whose deliberate indifference permitted the constitutional abuses to continue unchecked.'" Id. at 798 (quoting Slakan, 737 F.2d at 376). Here, because the complaint makes clear that defendant Officer Fulmore did not violate plaintiff's constitutional rights, Scott and Pearson cannot be liable in a supervisory capacity. Accordingly, plaintiff's claim against defendants Major Scott and Warden Pearson must be dismissed pursuant to 28 U.S.C. §

1915A(b)(1) for failure to state a claim.

Given the dismissal of plaintiff's federal claim, it is appropriate to decline to exercise supplemental jurisdiction over her state law claims, and to dismiss those claims without prejudice. 28 U.S.C. § 1367(c)(3) ("The district courts may decline to exercise supplemental jurisdiction over a claim . . . if the district court has dismissed all claims over which it has original jurisdiction."). Nonetheless, because plaintiff is proceeding pro se, she is hereby advised that she is free to pursue her tort claims in the appropriate state court, should she wish to do so.

## IV. Conclusion

For the foregoing reasons, plaintiff's complaint must be dismissed. An appropriate Order shall issue.

Entered this 20th day of September, 2010.

Alexandria, Virginia

/s/
T. S. Ellis, III
United States District Judge

7